UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GAMA VALENTIN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02189-DAD-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 19, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 20, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded petitioner was improperly detained pursuant to 8 U.S.C. § 1225.  (Doc. No. 4.)

On March 23, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Respondents argue only that petitioner is an "applicant for

1

admission" and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (Doc. No. 7 at 1.) Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

On or about July 12, 2000, petitioner entered the United States without inspection. (Doc. No. 1 at ¶ 18.) On January 19, 2026, petitioner encountered and was detained by immigration authorities. (*Id.* at ¶ 24.) Petitioner is currently being held under the mandatory detention provisions of 8 U.S.C. § 1225. (*Id.* at ¶ 25.)

The court incorporates and adopts the reasoning set forth in *Quichimbo* and finds that petitioner is not legally detained pursuant to 8 U.S.C. § 1225. Moreover, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is immediate release where, as here, respondents have failed to provide authority for petitioner's detention.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions, if any, he was subject to immediately prior to his detention on January 19, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge

2

where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                                      _____
                                                                 DALE A. DROZD
                                                                 UNITED STATES DISTRICT JUDGE

3